1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   ADAM JIMENEZ,                          Civil No.   15-cv-02493-BAS(KSC)
     CDCR #F-29610,
12                                          **ORDER:**
                              Plaintiff,
13                                          **(1)  GRANTING MOTION TO**
                                            **PROCEED IN FORMA PAUPERIS**
14              vs.                         **PURSUANT TO 28 U.S.C. § 1915(a)**
15                                          **AND**
16   FOUR UNNAMED EMPLOYEES OF
     THE CALIFORNIA DEPARTMENT              **(2)  SUA SPONTE DISMISSING**
17   OF CORRECTIONS AND                     **CIVIL ACTION FOR FAILING TO**
     REHABILITATION,                        **STATE A CLAIM PURSUANT TO**
18                                          **28 U.S.C. §§ 1915(e)(2) & 1915A(b)**
                              Defendants,
19

20          Adam Jimenez ("Plaintiff"), a California state prisoner currently incarcerated at

21   Lancaster State Prison ("Lancaster") in Lancaster, California, has filed a civil rights

22   complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (ECF No. 1.)  Plaintiff alleges he

23   was housed at the R.J. Donovan Correctional Facility ("Donovan") in San Diego,

24   California, from 2006 to 2008, where he had pre-existing medical conditions which

25   placed him at a heightened risk of developing, and more susceptible to the effects of,

26   Valley Fever, but Donovan prison officials transferred him to Kern Valley State Prison

27   ("Kern Valley") in Delano, California, despite his medical condition and the risk of

28   contracting Valley Fever at Kern Valley. (Compl. at 3-4.)  Plaintiff alleges he contracted

15cv2493

Valley Fever while at Kern Valley but did not receive medical treatment there, and was then transferred to Lancaster "as a 'high-risk' medical [inmate]" where he is currently not receiving treatment. (*Id.* at 4-5.)

Plaintiff claims that members of the Donovan Institutional Classification Committee ("ICC") which transferred him to Kern Valley violated his Eighth Amendment rights because they were deliberately indifferent to his serious medical needs (Count 1), and subjected him to cruel and unusual punishment (Count 2), by transferring him "despite the knowledge of the serious risk of exposure to valley fever." (*Id.* at 3-4.) He claims in Count 3 that he received negligent medical care in violation of the Eighth Amendment at Kern Valley and Lancaster because he did not receive treatment for Valley Fever. (*Id.* at 5.) He lists as Defendants four unnamed employees of the California Department of Corrections and Rehabilitation ("CDCR"), but does not identify which Defendants took which actions alleged in the Complaint. (*Id.* at 2.) He seeks an injunction requiring proper medication and prohibiting retaliation, as well as compensatory and punitive damages. (*Id.* at 7.)

Plaintiff has not paid the civil filing fees required by 28 U.S.C. § 1914(a) to commence a civil action; instead he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States must pay a filing fee. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner, as Plaintiff is here, even if he is granted leave to proceed IFP, he remains obligated to pay the full entire fee in "increments," *see*

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a)-(c) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1 | *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his
2 | action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2).

3 |       Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act
4 | ("PLRA"), prisoners seeking leave to proceed IFP must submit a "certified copy of the
5 | trust fund account statement (or institutional equivalent) for the . . . 6-month period
6 | immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews*
7 | *v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement,
8 | the Court assesses an initial payment of 20 percent of (a) the average monthly deposits
9 | in the account for the past six months, or (b) the average monthly balance in the account
10 | for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28
11 | U.S.C. § 1915(b)(1) & (4). The institution having custody of the prisoner then collects
12 | subsequent payments, assessed at 20 percent of the preceding month's income, in any
13 | month in which the prisoner's account exceeds $10, and forwards those payments to the
14 | Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

15 |       In support of his IFP Motion, Plaintiff has submitted a prison certificate attesting
16 | to his trust account balance and activity for the six-month period prior to the filing of his
17 | Complaint as required by 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. This
18 | certificate shows that Plaintiff has had no monthly deposits, has carried no balance, and
19 | had no available funds to his credit at the time of filing. Therefore, the Court **GRANTS**
20 | Plaintiff's Motion to Proceed IFP (ECF No. 2), and assesses no initial partial filing fee
21 | per 28 U.S.C. § 1915(b)(1). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event
22 | shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal
23 | judgment for the reason that the prisoner has no assets and no means by which to pay the
24 | initial partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002)
25 | (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a
26 | prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available
27 | to him when payment is ordered.") However, the entire $350 balance of the filing fees
28 |

15cv2493

1   due for this case must be collected by the CDCR and forwarded to the Clerk of the Court

2   pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1) & (2).

3   **II.**      **SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) AND § 1915A**

4       "The court shall review, before docketing, if feasible or, in any event, as soon as

5   practicable after docketing," complaints filed by all persons proceeding IFP, and by

6   those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of,

7   convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or

8   the terms and conditions of parole, probation, pretrial release, or diversionary program."

9   *See* 28 U.S.C. §§ 1915(e)(2) and 1915A.  The Court must sua sponte dismiss complaints,

10   or any portions thereof, which are frivolous, malicious, fail to state a claim, or which

11   seek damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and

12   1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

13       All complaints must contain "a short and plain statement of the claim showing

14   that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations

15   are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported

16   by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

17   (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Determining

18   whether a complaint states a plausible claim for relief [is] . . . a context-specific task that

19   requires the reviewing court to draw on its judicial experience and common sense." *Id*.

20   at 679.  The "mere possibility of misconduct" falls short of meeting the *Iqbal* plausibility

21   standard.  *Id*.; *see also Moss v. U. S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

22       "When there are well-pleaded factual allegations, a court should assume their

23   veracity, and then determine whether they plausibly give rise to an entitlement to relief."

24   *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)

25   ("Under § 1915A, when determining whether a complaint states a claim, a court must

26   accept as true all allegations of material fact and must construe those facts in the light

27   most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.

28   1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil

Procedure 12(b)(6)").  However, while the court has an "obligation . . . where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)), it may not, in so doing, "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted).  "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### A.    Plaintiff's Allegations

Plaintiff alleges that while housed at Donovan from 2006 to 2008, he suffered from Hepatitis C and other pre-existing "health problems" which increased his risk of developing Valley Fever and increased his susceptibility to its effects.  (Compl. at 3.) He alleges that the members of the Donovan ICC, "in spite of" his pre-existing medical conditions, and "with knowledge of the serious risk of substantial harm posed by valley fever, unreasonably and with deliberate indifference exposed [him] to the risk of contraction by transferring [him] to Kern Valley State Prison in [November 2008], as a result, [he] contracted valley fever at Kern Valley State Prison."  (*Id.* at 3-4.)

Plaintiff alleges that "[w]hile at Kern Valley State Prison [his] health was rapidly declining. [His] health problems consisted of difficulty in breathing, extreme spine joint and muscle pain. . . . [He] had severe bowel irritation and pain, mental anguish, distress,

agitation and frustration . . . [His] physical mobility was significantly impaired. . . . [his] right visual acuity was also compromised. . . . [his] left eye was then compromised." (*Id.* at 4.)  Plaintiff states that he was referred to various specialists at Kern Valley and eventually tested positive for Valley Fever. (*Id.*)  He alleges that after he was diagnosed with Valley Fever he was told by his primary care provider at Kern Valley that he "was not going to be medicated because the coccidiodomycosis titers were not that high on the reference range." (*Id.* at 5.)  He alleges he was thereafter transferred to Lancaster "as a 'high-risk' medical," where he is "currently being denied Valley Fever medication." (*Id.*)  Finally, he alleges that "Lancaster has moderate levels of coccidiodomycosis.  This transfer did not cure [him] and it exposed [him] to even more cocci. [He is] still experiencing symptoms from the cocci." (*Id.*)

## B    Individual Liability and Causation

The only Defendants identified in the Complaint are four unnamed employees of the CDCR.  (Compl. at 2-3.)  It is unclear whether these employees are persons who sat on the Donovan ICC which ordered Plaintiff's transfer, or whether they are medical providers at Kern Valley or Lancaster.  (*See id.* at 3-5.)  Even if the Court could discern who Plaintiff intended to name as Defendants, Plaintiff merely alleges that the members of the Donovan ICC acted "despite the knowledge of the serious risk of exposure to valley fever to plaintiff," and "in spite of the fact" that Plaintiff suffered from medical conditions which apparently increased his risk of acquiring or being affected by Valley Fever more than someone without those pre-existing conditions.  (*Id.* at 3-4.)  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  The Complaint contains no "further factual enhancement," *id.*, which describes how, or to what extent, any of the individuals referenced in the Complaint became aware of, or were actually aware of, his alleged serious medical needs.

"Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976)). Plaintiff includes no detail as to what the unnamed members of the Donovan ICC knew about his health conditions or the risk of sending him to Kern Valley, or how they came about that knowledge. Neither does he allege who at Kern Valley or Lancaster have denied him treatment for Valley Fever. Rather, Plaintiff purportedly seeks to sue Defendants based on the positions they hold and not because of any individually identifiable constitutional misconduct alleged to have caused him injury. As such, his allegations are insufficient to state a section 1983 claim. *Iqbal*, 662 U.S. at 678 (noting that Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Accordingly, Plaintiff's Complaint requires dismissal on this basis pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

## C.     Inadequate Medical Care Claim

Even if Plaintiff intended to name as Defendants the unnamed members of the Donovan ICC who transferred him, or his unnamed primary care providers at Kern Valley and Lancaster who have allegedly not provided him with medical care, he has still failed to state a plausible Eighth Amendment claim against any of those persons. Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation and internal quotation marks omitted). "A determination of 'deliberate indifference' involves an examination of two elements: the

seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Gamble*, 429 U.S. at 103-04). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Gamble*, 429 U.S. at 104).

Plaintiff's allegations regarding his contraction of Valley Fever and the effects it has had on his medical condition (Compl. at 3-5), are sufficient to plead an objectively serious medical need. *McGuckin*, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.") However, even assuming Plaintiff's medical needs are sufficiently serious, his Complaint still fails to include any further "factual content" to show that any Defendant acted with "deliberate indifference to [his] serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Gamble*, 429 U.S. at 104).

While Plaintiff concludes he is "currently being denied Valley Fever medication here at Lancaster State Prison," and was "informed [by his primary care provider at Kern Valley] that I was not going to be medicated because the coccidiodomycosis titers were not that high on the reference range," his Complaint lacks any specific allegations that the failure to provide him with "medication for Valley Fever" was a result of indifference rather than negligence or a disagreement regarding proper treatment. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). This is because to be deliberately indifferent, a

1  Defendant's acts or omissions must involve more than an ordinary lack of due care, as
2  "[a] difference of opinion" between a doctor and an inmate, or even between medical
3  professionals, regarding what medical care is appropriate "does not amount to a
4  deliberate indifference." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (citing
5  *Gamble*, 429 U.S. at 107).

6      Plaintiff's Complaint contains no facts sufficient to show that his "primary care
7  provider" acted with deliberate indifference to his plight by "know[ing] of and
8  disregard[ing] an[y] excessive risk to his health and safety." *Farmer v. Brennan*, 511
9  U.S. 825, 837 (1994). Indeed, the allegations describe "medical negligence" by failing
10  to provide Plaintiff with treatment for Valley Fever and by transferring him to Lancaster
11  (*see* Compl. at 5), but a § 1983 claim cannot sound merely in negligence. *See Toguchi
12  v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or
13  treating a medical condition, without more, does not violate a prisoner's Eighth
14  Amendment rights.") (quoting *McGuckin*, 974 F.2d at 1059). "Deliberate indifference,"
15  on the other hand, "is a high legal standard," and claims of medical malpractice or
16  negligence are insufficient to establish a constitutional deprivation. *Simmons v. Navajo
17  Cnty.*, 609 F.3d 1011, 1019 (9th Cir. 2010) (citing *Toguchi*, 391 F.3d at 1060).
18  Similarly, Plaintiff has failed to set forth specific allegations regarding what or how the
19  members of the Donovan ICC knew about his medical condition, what and how they
20  knew of the risk of contracting Valley Fever at Kern Valley, and what and how they
21  knew any potential risk to his health by transferring him there. *See Farmer*, 511 U.S.
22  at 837 (prison officials must know of and act with deliberate indifference to medical
23  needs in order to violate the Eighth Amendment); *see also Iqbal*, 556 U.S. at 678
24  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory
25  statements, do not suffice.")

26      Accordingly, the Court finds that Plaintiff's Complaint fails to state an Eighth
27  Amendment inadequate medical care claim and is subject to *sua sponte* dismissal in its
28  entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203

15cv2493

F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004. Because Plaintiff is proceeding without counsel, the Court has provided him "notice of the deficiencies in his complaint in order to ensure [he] uses the opportunity to amend effectively," and will grant him an opportunity to amend his Complaint. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

## III. CONCLUSION AND ORDER

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an

amended pleading may be considered "waived if not repled.")  The Clerk of Court will send Petitioner a blank Southern District of California amended complaint form along with a copy of this Order.

**IT IS SO ORDERED**.

DATED: February 25, 2016

Hon. Cynthia Bashant
United States District Judge

-11-

15cv2493