**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADAM JIMINEZ, CDCR #F-29610,<br><br>Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF CORRECTIONS, Employee,<br><br>Defendant. | Case No.: 15-cv-02493-BAS(KSC)<br><br>**ORDER:**<br><br>**1) DENYING MOTIONS FOR APPOINTMENT OF COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) [ECF Nos. 5, 7]**<br><br>**AND**<br><br>**2) SUA SPONTE GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT** |

Adam Jiminez ("Plaintiff"), a prisoner currently incarcerated at California State Prison in Lancaster, California ("LAC"), is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On February 25, 2016, the Court granted Plaintiff leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), but dismissed his Complaint for failing to state a

claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).  (ECF No. 3.)  Plaintiff was granted forty-five days leave, however, to amend his pleading.  *Id.* at 10; *see also Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured."). On April 4, 2016, and approximately one week later, on April 11, 2016, within the time permitted to amend, Plaintiff submitted two identical Motions for Appointment of Counsel (ECF Nos. 5, 7), but no Amended Complaint.

## I. Motion for Appointment of Counsel

Plaintiff requests appointment of counsel because he is indigent, has limited access to the law library, and suffers from anxiety, depression, chronic joint pain, limited vision in his left eye, and irritable bowel syndrome. *See* Pl.'s Mot. ¶¶ 2–17, ECF Nos. 5, 7. Plaintiff further claims disabilities related to his 2013 diagnosis of Valley Fever prevent prolonged sitting or standing, and will significantly restrict his research and investigation. *Id.* ¶¶ 4, 14–15.

"There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings."). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1) to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525.  "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in

light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court agrees with Plaintiff's assertion that his claims might be better prosecuted were he represented by a licensed and trained attorney. *See* ECF Nos. 4, 7 at ¶¶ 5, 6. Indeed, any pro se litigant "would be better served with the assistance of counsel." *Rand*, 113 F.3d at 1525 (citing *Wilborn*, 789 F.2d at 1331). However, so long as a pro se litigant, like Plaintiff in this case, is able to articulate the factual basis of his claims against the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Id.* (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realms of discovery and the securing of expert testimony").

The Court finds that although Plaintiff's original Complaint fell short of stating a claim upon which section 1983 relief can be granted, his pleading, as well as his current Motions for Appointment of Counsel, which are cogently argued and contain exhibits in support of his medical conditions, nevertheless demonstrate an ability to articulate facts and to collect evidentiary support for his purported claims. Therefore, neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time.[1] *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

---

[1] Plaintiff argues his case is "identical" to *Allen v. Calderon*, 408 F.3d 1150 (9th Cir. 2005), a case in which the Ninth Circuit reversed the dismissal of a pro se habeas petition because the district court failed to consider whether the appointment of counsel was required pursuant to Fed. R. Civ. P. 17(c) based on sworn allegations of mental incompetence before entering a judgment on the merits. *Id.* at 1152–53. *Allen* is both factually and legally distinguishable, however, because as nothing in Plaintiff's pleadings or motions thus far suggest he "suffers from a mental illness [that] prevents him from being able to understand and respond to the court's order[s]," *id.* at 1152, and the mandatory standard for appointment of counsel pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases,

## II. Extension of Time

Although the Court finds no exceptional circumstances support appointment of counsel in this matter, Plaintiff is still proceeding pro se, his Motions for Appointment of Counsel were timely filed, and they describe several physical difficulties and institutional obstacles to his filing of an Amended Complaint within the forty-five days originally provided. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to . . . technical procedural requirements"). In fact, the time originally granted to Plaintiff for amendment has already expired.

"'Strict time limits . . . ought not to be insisted upon' where restraints resulting from a pro se prisoner plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (quoting *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967)); *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's dismissal of prisoner's amended pro se complaint as untimely where mere thirty day delay was result of prison-wide lockdown). Accordingly, the Court will, on its own motion, and in light of Plaintiff's pro se status and medical conditions, grant him additional time in which to file his Amended Complaint.

## III. Conclusion and Order

For the reasons set forth above, the Court:

1) **DENIES WITHOUT PREJUDICE** Plaintiff's Motions for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF Nos. 5, 7); and

2) **GRANTS** Plaintiff an extension of time in which to re-open his case by filing an Amended Complaint. Plaintiff's Amended Complaint, should he elect to file one, must be received by the Court no later than **Monday, June 6, 2016**. Plaintiff is again cautioned that his pleading must be titled as his "Amended Complaint," include Civil Case No. 15-

---

as applied in *Allen*, is different than the discretionary "exceptional circumstances" standard applicable under 28 U.S.C. § 1915(e)(1). *Id.* at 1153.

cv-2493-BAS(KSC) in its caption, address all the deficiencies of pleading identified in the Court's February 25, 2016, Order (ECF No. 3), and be complete in itself without reference to his original pleading. *See* Civ. L.R. 15.1.  Defendants not named and any claim not re-alleged in the Amended Complaint will be considered waived.  *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

**IT IS SO ORDERED.**

Dated: April 19, 2016

Hon. Cynthia Bashant
United States District Judge