# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JIMENEZ,<br><br>               Plaintiff,<br><br>   v.<br><br>TONYA ROTHCHILD, *et al.*,<br><br>               Defendants. | Case No.: 15-cv-02493-BAS-AGS<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION (ECF NO. 45); AND**<br><br>**(2) GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 24)** |

## I.    BACKGROUND

On November 13, 2015, Plaintiff Adam Jimenez filed a Complaint alleging wrongful transfer to Kern Valley State Prison, which caused him to contract Valley Fever, and medical negligence, claiming prison doctors failed to properly medicate him once he contracted the Valley Fever. (ECF No. 1.) The Court granted Mr. Jimenez's request to proceed in forma pauperis, but sua sponte dismissed the Complaint. (ECF No. 3.)

On the issue of medical negligence, the Court noted that "only 'deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eight Amendment'" and that Mr. Jimenez's Complaint "lacks any specific allegations that the failure to provide him

with medication for Valley Fever was a result of indifference rather than negligence or a disagreement regarding proper treatment." (ECF No. 3 (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).) Nonetheless, the Court gave Mr. Jimenez leave to file an amended Complaint.

Mr. Jimenez filed a First Amended Complaint ("FAC") again alleging a wrongful transfer to a prison where he contracted Valley Fever, as well as medical negligence. (ECF No. 13.) As to the latter cause of action, Mr. Jimenez alleges that at Lancaster State Prison he has "been denied Valley Fever medications by Dr. Ha, Dr. Lee, Dr. Bailey who all work as medical doctors here at Lancaster." (*Id.*) None of these doctors is currently named in the FAC. Neither Lancaster nor Kern Valley State Prisons is in the Southern District of California.

Magistrate Judge Shopler issued a Report and Recommendation ("R&R") recommending that the Court grant the Motion to Dismiss, dismissing the claims relating to Mr. Jimenez's transfer to a prison where he was more likely to contract Valley Fever on the grounds of qualified immunity. (ECF No. 45.) On the issue of medical negligence, Judge Shopler concluded that while "the denial of medication alone does not necessarily demonstrate constitutional 'deliberate indifference,' Jimenez should be allowed to amend his complaint one last time, as to this sole claim." (ECF No. 45.)

Mr. Jimenez requested additional time to object to the R&R, but then never filed any objections. Interestingly, however, Defendants J. Silva, E. Ravelo, K. Reid and T. Rothchild, who are not currently named as individuals responsible for the alleged denial of medication, object to the Magistrate Judge's recommendation to allow Mr. Jimenez to amend one last time. (ECF No. 46.)

## II. LEGAL STANDARD

The Court reviews *de novo* those portions of a Magistrate Judge's R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject,

or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute [28 U.S.C. § 636(b)(1)(c)] makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This rule of law is well-established in the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so).

Objections must be written and specific. *See, e.g.,* Fed. R. Civ. Pr. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations" of the magistrate judge). "Numerous courts have held that a general objection to the entirety of a Magistrate Judge's [report and recommendation] has the same effect as a failure to object." *Alcantara v. McEwen*, No. 12-cv-401, 2013 WL 4517861, at *1 (S.D. Cal. August. 15, 2013) (citing cases). In the absence of specific objection, the clear weight of authority indicates that the court need only satisfy itself that there is no "clear error" on the face of the record before adopting the magistrate judge's recommendation. *See, e.g.,* Fed. R. Civ. P. 72(b) Advisory Comm. Notes (1983) (citing *Campbell v. United States Dist. Court*, 501 F.3d 5, 7 (9th Cir. 1974)).

## III. ANALYSIS

Magistrate Judge Shopler recommends granting the Motion to Dismiss on the grounds of qualified immunity with respect to the issue of the transfer to a prison where Mr. Jimenez may have been more likely to contract Valley Fever. (ECF No. 45.) The Magistrate Judge concludes the Court should "not hold prison officials acting in 2008 to a higher standard of constitutional clairvoyance than the many federal judges who even today—do not discern a clearly established constitutional right in similar Valley Fever cases." Mr. Jimenez has filed no objections to this Recommendation, and this Court agrees with the Magistrate Judge's reasoning.

The Magistrate Judge further concludes that, although Mr. Jimenez's allegations of failure to provide him with medications to treat his Valley Fever are not sufficient to constitute an Eighth Amendment violation, he should be given one last opportunity to amend this cause of action. Defendants object on two grounds. First, Defendants point out that Mr. Jimenez has already been given one opportunity to amend, and he has failed to do so successfully. Second, Defendants argue that any medical negligence claim stemming from treatment at Lancaster or Kern Valley State Prisons would not be proper in the Southern District of California and would necessitate a transfer. The Court overrules both objections.

First, federal jurisprudence is rife with directions to the federal courts to liberally construe the pleadings of pro se litigants. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1281 (9th Cir. 1992) (citing *Boag v. Macdougal*, 454 U.S. 364 (1997) (per curiam)). Furthermore, "[w]hile Fed. R. Civ. P. 15 places leave to amend within the sound discretion of the trial court, . . . a court must remain guided by 'the underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)), superseded on other grounds by statute, as recognized in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000). Thus, "a pro se litigant must be given leave to amend his or her complaint unless it

is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Noll*, 809 F.2d at 1448 (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam)); *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegations of other facts." (quotation omitted)).

In this case, Mr. Jimenez has largely been focused on his allegations that he was improperly transferred to Kern Valley State Prison and that this transfer caused him to contract Valley Fever. The Court has dismissed these claims without leave to amend. However, Mr. Jimenez also protests the medical care he received for his Valley Fever. As the Court has previously noted, if Mr. Jimenez wishes to proceed on these allegations, he will need to assert more than just medical negligence. He will need to allege facts that support his claim that the doctors who provided care for his Valley Fever were deliberately indifferent to his medical needs and not just negligent. Mr. Jimenez may not proceed on claims that he disagreed with the treatment that the medical professionals found was appropriate. Although the FAC is insufficient, the Court agrees with the Magistrate Judge that Mr. Jimenez should be given one last opportunity to assert these allegations. He is cautioned, however, that any failure to adequately allege this cause of action in the future is likely to result in dismissal with prejudice.

The Court further agrees with Defendants that, as currently alleged, it does not appear the venue is proper in the Southern District of California. If Mr. Jimenez is alleging deliberate indifference to his medical needs at Kern Valley or Lancaster Prisons only, the complaint should be brought in the district where these prisons are located. However, at this point, with insufficient claims stated by Mr. Jimenez, the Court is unclear where this deliberate indifference is alleged to have taken place. Should Mr. Jimenez file an Amended Complaint in the Southern District of California, and should this Court determine that he alleges sufficient facts to proceed

but that venue is improper in this district, the Court could transfer the case at that point in time. *See* 28 U.S.C. § 1631.

## IV. CONCLUSION & ORDER

Having reviewed the R&R and the Defendants' objections, the Court concludes that, even under a *de novo* review of the R&R's reasoning, Judge Shopler's reasoning is sound. Accordingly, the Court **OVERRULES** Defendants' objections (ECF No. 46), **APPROVES** and **ADOPTS** the R&R in its entirety (ECF No. 45), and **GRANTS** Defendants' Motion to Dismiss. (ECF No. 24.)

The allegations that Mr. Jimenez was transferred to a prison where he contracted Valley Fever are dismissed with prejudice. Mr. Jimenez may not refile these claims. The claim that Mr. Jimenez was given inadequate medical care once he contracted Valley Fever is dismissed without prejudice. If Mr. Jimenez can allege sufficient facts to support a claim that prison officials were deliberately indifferent to his medical needs, he may refile a Second Amended Complaint one last time. However, Mr. Jimenez is cautioned that if he fails to allege sufficient facts on any future attempt, the Court is likely to dismiss the claims without leave to amend. If Mr. Jimenez chooses to file a Second Amended Complaint on the issue of deliberate indifference to his medical needs once he contracted Valley Fever, he must do so by **October 12, 2017**.

**IT IS SO ORDERED.**

**DATED: September 12, 2017**

Hon. Cynthia Bashant
United States District Judge